UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON THOMAS BYRD,

               Petitioner,               CASE NO. 05-74850

v.                                          HON. MARIANNE O. BATTANI

JAN TROMBLEY,

               Respondent.

_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING PETITIONER'S APPLICATION FOR THE WRIT OF HABEAS CORPUS

**I. Introduction**

Before the Court are Respondent's Objections to Magistrate Judge Paul J. Komives' Report and Recommendation (Doc. #40). The Magistrate Judge, ruling on Petitioner's application for the writ of habeas corpus, first rejected Petitioner's claims that the Antiterrorism and Effective Death Penalty Act (AEDPA) standard of review, 28 U.S.C. § 2254(d), was unconstitutional. The Magistrate Judge then, after applying the AEDPA standard of review, recommended granting the application for the writ of habeas corpus. This Court agrees with both decisions.

The case at hand arises out of the conviction of Petitioner Aaron Thomas Byrd on charges of first degree sexual conduct involving his step-daughter. Petitioner, whose prior two trials on the same charges resulted in hung juries, appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court, both of which denied his appeal. His current application for the writ of habeas corpus contends that he received ineffective assistance of

counsel in his trial defense. The Magistrate Judge, reviewing the application, concluded that defense counsel was so ineffective that it was in violation of the Sixth Amendment right to counsel, as the representation was (1) deficient and (2) prejudicial to the outcome of the case. The Magistrate Judge found that the prejudicial deficiency consisted of (a) the failure to object to the introduction of Petitioner's ten-year-old forgery conviction, (b) the failure to object to the prosecution's use of the conviction as "bad man" evidence, and (c) the failure to investigate and present an expert witness to counter the prosecution's witnesses.

### II. Standard of Review

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

Neither party has challenged the first part of the Magistrate Judge's report – succinctly summarizing why Petitioner's constitutional challenges to the AEDPA standard of review must be rejected – and therefore this Court will apply the standard of 28 U.S.C. § 2254(d) to Petitioner's application. The applicable standard is as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with

respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### III. Analysis

Respondent objects to the granting of the writ, arguing that (1) trial counsel's failure to object to the introduction of the forgery conviction did not constitute ineffective assistance of counsel; (2) the failure to object to the subsequent use of the conviction as "bad man" evidence did not constitute ineffective assistance of counsel; (3) the failure to present an expert to challenge the prosecution's expert on the physical and psychological conclusions was not ineffective assistance of counsel; and (4) even if it were ineffective, the evidence does not demonstrate that the outcome would have been different.

The Court agrees with the Magistrate Judge that all three of these errors constitute evidence of ineffective assistance of counsel, and that these errors were extremely prejudicial, thus satisfying the standard laid out by Strickland. Strickland v. Washington, 466 U.S. 668, 698 (1984) (holding that petitioners must show that: (1) counsel's errors were so serious that "counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment" and (2) counsel's deficient performance resulted in "prejudice" to the petitioner).

### (a) Failure to Object to the Forgery Conviction

Respondent makes two critical misrepresentations in their objection regarding the failure to object to the introduction of the forgery conviction. First, they characterize the Magistrate Judge's analysis of whether the forgery conviction would be admissible under MICH. R. EVID. 609(c) – which is relevant to the question of whether it was clear error to fail to challenge its admission – as somehow being an impermissible attempt to "reverse the Michigan appellate courts." (Resp. Obj. at 8). The Magistrate Judge, however, was only pointing out that it was exceedingly likely that the forgery conviction was barred under MICH. R. EVID. 609(c) and thus it was constitutionally ineffective counsel to fail to challenge it. He was not ruling on the Michigan courts' interpretation of their own law, but on their interpretation of Strickland and the case law surrounding the ineffective assistance of counsel.

The next misrepresentation is that Petitioner's counsel did not object to the introduction of the prior forgery conviction because it was the deliberate strategy of defense counsel to admit it. Respondent asserts that the defense narrative was "when Petitioner is charged with a crime and responsible for it, he admits to it." (Resp. Obj. at 6) Every single inference available indicates that this approach was taken because the forgery conviction had already been admitted, and not because counsel was deliberately building their defense upon Petitioner's prior truthfulness in a felony proceeding. In fact, Respondent asserts that counsel's strategy was to pit the credibility of Petitioner against that of the testifying victim – in no way does that proffered narrative square with Respondent's characterization of the trial strategy. For the reasons cited by the Magistrate Judge, this Court finds that the failure to challenge the introduction of the prior forgery conviction was constitutionally ineffective assistance of counsel.

*(b) Failure to Object to the "Bad Man" Argument*

Next, Respondent mischaracterizes the prosecution's closing remarks in arguing that failure to object to those arguments did not constitute ineffective assistance. Respondent claims that the prosecution used the conviction "to contrast whether the defense could plausibly argue that the victim was clearly unworthy of trust." (Resp. Obj. at 12). In fact, the prosecution was implying that "the jurors should consider [Petitioner's] unseemly character when rendering their verdict." Washington v. Hofbauer, 228 F.3d 689, 699 (6th Cir. 2000). The prosecution referred specifically to the fact that he was a convicted felon, and told jurors that they should take that into account – without any reference to Petitioner's credibility. Whether this was decisively improper is not determinative; it is clear to the Court that the failure to even mount an objection to such questionable remarks also constitutes ineffective assistance.

*(c) Failure to Call an Expert Witness*

Respondent suggests that Petitioner's counsel's failure to call an expert witness was not egregious because counsel's cross-examination of Dr. Haugen was "thorough" and obtained "many favorable statements from the witness on behalf of Petitioner." (Resp. Obj. at 23). Thorough cross-examination, however, does not excuse the abject failure of counsel to procure or even consult with an expert. The Court agrees with the Second Circuit's analysis that "the failure to consult with or call a medical expert is often indicative of ineffective assistance of counsel .... particularly so where the prosecution's case ... rests on the credibility of the alleged victim." Gersten v. Senkowski, 426 F.3d 588, 607 (2d Cir. 2005). Here, where counsel directly admits that the failure to consult an expert was not a deliberate decision of trial strategy, and where no DNA evidence or direct eyewitness testimony is involved, the oversight is, in fact,

"indicative of ineffective assistance of counsel." Gersten, 426 F.3d at 607. The Court agrees with the Magistrate Judge on this point, as well.

*(d) Prejudice*

As Respondent repeatedly notes, the case turned on the credibility of Petitioner, as weighed against the credibility of the victim. Respondent, so keen to advance this theory in justifying the prosecution's use of the prior conviction in attacking Petitioner's credibility, abandons this theory in challenging the Magistrate Judge's conclusion that counsel's errors affected the outcome of the trial. The Court agrees with the Magistrate Judge – this case relied directly upon the credibility of Petitioner, and these egregious failings in counsel's performance led directly to "prejudice" against Petitioner. Strickland, 466 U.S. at 698.

**IV. Conclusion**

The Court agrees with the Magistrate Judge that the decision of the Michigan state courts represents a decision "contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The Court therefore **ADOPTS** the Report & Recommendation in its entirety, **GRANTS** Petitioner's application for the writ of habeas corpus, and **ORDERS** the State of Michigan to either retry Petitioner within 120 days or release him.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: September 18, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt<br>
DEPUTY CLERK